| | |
|---|---|
| UNITED STATES BANKRUPTCY COURT<br>DISTRICT OF NEW JERSEY<br>**Caption in Compliance with D.N.J. LBR 9004-1**<br>DENISE CARLON, ESQUIRE<br>KML LAW GROUP, P.C.<br>Sentry Office Plz<br>216 Haddon Ave.<br>Suite 406<br>Westmont, NJ 08018<br>(215)627-1322<br>dcarlon@kmllawgroup.com<br>Attorneys for Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates. | Order Filed on February 14, 2019<br>by Clerk<br>U.S. Bankruptcy Court<br>District of New Jersey |
| In Re:<br><br>Jenny Rodriguez,<br><br>Debtor. | Case No.:  18-34218 VFP<br>Adv. No.:<br>Hearing Date:  2/21/19 @ 8:30 a.m.<br>Judge:  Vincent F. Papalia |

# ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN

The relief set forth on the following pages, numbered two (2) through two (2) is hereby **ORDERED**

**DATED: February 14, 2019**

_____
**Honorable Vincent F. Papalia**
**United States Bankruptcy Judge**

Page 2
Debtor: Jenny Rodriguez
Case No.: 18-34218 VFP
Caption: **ORDER RESOLVING SECURED CREDITOR'S OBJECTION TO DEBTOR'S CHAPTER 13 PLAN**

This matter having been brought before the Court by KML Law Group, P.C., attorneys for Secured Creditor, Wells Fargo Bank N.A., as Trustee, for Carrington Mortgage Loan Trust, Series 2006-NC4 Asset-Backed Pass-Through Certificates., holder of a mortgage on real property located at 250-252 18th Avenue, Paterson, NJ 07504, Denise Carlon appearing, by way of objection to the confirmation of Debtor's Chapter 13 Plan, and this Court having considered the representations of attorneys for Secured Creditor and David J. Doyaga Sr, Esquire, attorney for Debtor, Jenny Rodriguez, and for good cause having been shown;

It **ORDERED, ADJUDGED and DECREED** that Debtor shall obtain a loan modification by April 12, 2019, or as may be extended by an application to extend the loss mitigation period; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Debtor is to make post-petition payments in accordance with the terms of the loss mitigation order while the loss mitigation period is active; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that the Trustee is not to pay the arrears while the loan modification is pending; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor does not waive its rights to the pre-petition arrears or the difference between the regular post-petition payment and the loss mitigation payment, or any other post-petition arrears that may accrue; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that if the loan modification is unsuccessful, Debtor shall modify the plan to address Secured Creditor's pre-petition arrears, either by curing the arrears, selling the property, surrendering the subject property, or in a manner otherwise permitted by the code; and

It is **FURTHER ORDERED, ADJUDGED and DECREED** that Secured Creditor's objection to confirmation is hereby resolved.